## Case No. 9,681.

### The M. M. CALEB.

[5 Ben. 163.] [1]

District Court, E. D. New York. May, 1871.[2]

DAMAGES—MARITIME TORT—TOW-BOAT AND TOW.

A boat in tow of a steamtug was run on shore by reason of the breaking of the rudder-chain of the tug-boat. The chain was worn out and insufficient, and this was known to the owner of the tug when the boat was taken in tow. *Held*, that, to tow the boat while having such a rudder-chain was negligence, and that the tow-boat was liable for the damage.

In admiralty.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [Affirmed in Case No. 9,683.]

R. D. Benedict and F. A. Wilcox, for libellants.

Scudder & Carter, for respondents.

## Case No. 9,682.

### The M. M. CALEB.

[9 Ben. 159.] [1]

District Court, S. D. New York. June, 1877.

SEAMAN'S WAGES—JURISDICTION—TENDER—COSTS.

1. D. was hired as deck hand on a tug, at $30 a month, as he claimed. The tug sank at a pier but was raised again, and, after she was raised, he worked on board, in repairing her. Afterwards, filed a libel against her to recover wages for the whole time. The claimants deposited in court $24.50 to meet his claim, besides costs, amounting, in all, to $63.82, claiming that he was only entitled to $20: *Held*, that D. was entitled to recover $15, for half a month's wages.

2. The court had no jurisdiction in respect to his claim for services after the boat sank.

[Cited in Tarleton v. Mallory, Case No. 13,-753.]

3. The libelant could withdraw $15 out of the $63.82 and the rest of it must be returned to the claimants, and the libellant must pay the claimant's costs.

This was a libel by Edward J. Dunn, for seaman's wages. The libellant alleged that he was hired as deck hand on the tug, on November 18th, 1876, at $30 a month and found, that he served on board as such till November 29th, when the tug sank at a pier, and that she was raised on December 9th, when he went aboard again and served till January 13th, 1877. He claimed to recover $93.75. The owners of the tug alleged that the libellant's wages were but $20 a month; that he was discharged when the boat sank; that, after she was raised, he did some work on board, in repairing her, &c., but not as a seaman; that of this part of his claim the court had no jurisdiction; and that there was

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

but $24.50 due him for all his services. This sum, with costs, amounting to $63.50, in all, they deposited in court.

Robertson & Robertson, for libellant.
Owen & Gray, for claimants.

BLATCHFORD, District Judge. The libellant is entitled, I think, to half a month's wages at $30 a month. I think the sinking of the boat put an end to the contract for his services as a deck hand, and that this court has no jurisdiction in respect of the services he rendered after the boat sank and after she was raised. I, therefore award, to the libellant $15. The claimants deposited in court $24.50, to meet the claim made in this suit, exclusive of costs. As the libellant refused to accept that sum, I cannot award costs to the libellant. Therefore, I cannot allow the libellant or his proctors to withdraw the amount deposited for costs. The $24.50 was deposited under the protest that the court could not take cognizance of any claim for services after the vessel sank, and the costs were deposited as costs proper to go to the libellant only in case the court held him entitled to as much as $24.50 for his claim. Out of the $63.82 in court the libellant may withdraw $15, and he must pay the fees of the marshal and clerk. The rest of the $63.82 will be returned to the claimants, and they must have costs against the libellant.